**UNITED STATES of America,**

v.

**David HEADON, Appellant in 01–3350,**

**Roger Moore, Appellant in 01–3771.**

**Nos. 01–3350, 01–3771.**

United States Court of Appeals,
Third Circuit.

Submitted May 1, 2002.

Decided May 2, 2002.

Before NYGAARD, ROTH, and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

These consolidated appeals present a common issue, the validity of the searches of defendants' homes and vehicles. Both defendants pleaded guilty, reserving the right to appeal the denial of their suppression motions.

Search warrants were issued by a judge of the Court of Common Pleas of Westmoreland County at the behest of an experienced state trooper. The officer's affidavit detailed the investigation of a robbery of a number of guns and their subsequent disposition. The trooper averred, inter alia, he had been told by the thief, Gino Conti, that he had sold guns to Roger Williams who, in turn, had sold them to defendants.

The searches of both defendants' residences yielded the stolen guns and, after indictment, the defendants moved for suppression, asserting lack of probable cause for the issuance of the warrants. The cases were assigned to two different district judges for disposition. One judge found no probable cause existed, but the other judge took the position that the affidavit was sufficient in that respect. Both judges, however, agreed that the good faith exception set out in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), was applicable.

Because the two judges were in agreement on the good faith issue, we will first discuss those rulings. Suppression is inappropriate when an officer executes a search in objective reasonable reliance on a warrant's authority. *United States v. Williams*, 3 F.3d 69, 74 (3d Cir.1993). "The mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." *United States v. Hodge*, 246 F.3d 301, 307–08 (3d Cir.2001).

Although the good faith doctrine is subject to a number of exceptions as outlined in *Hodge*, we agree with the District Court that none are applicable here. The fact that two highly respected district judges disagreed on the probable cause issue only reinforces the objective reasonableness of the officer's reliance on the validity of the warrants. We have no hesitation in upholding the good faith ruling in these two cases and, therefore, have no need to analyze the probable cause issue.

Accordingly, the judgments of the District Court will be affirmed.